UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EULOGIO CASTILLO,

                Plaintiff,                                                      21 Civ.

                v.                                                        <u>COMPLAINT</u>

METRO-NORTH COMMUTER RAILROAD,          JURY TRIAL REQUESTED

                Defendant
-------------------------------------------------------------------X

       Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

## THE PARTIES

       1.       The plaintiff is a resident of the State of New York, County of Westchester, and City of Yonkers.

       2.       The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

       3.       Prior to January 29, 2019, and at all times hereinafter mentioned, the defendant employed the plaintiff as a Carman under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

       4.       Prior to January 29, 2019 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Harmon Car Shop, Harmon, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

       5.       During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. At the time of the defendant's FELA violations, and in particular on January 29, 2019, the plaintiff was working as a Carman under the supervision, direction, control and training of defendant.

11. On January 29, 2019, the plaintiff was working on a wheel set in an awkward and tight space when he attempted to get up from a crouched position and struck his head on a train ladder injuring his head, neck, left shoulder and back.

12. On January 29, 2019, the plaintiff was working on a wheel set in an awkward and tight space due to a water leak in the area where plaintiff was required to perform his job duties.

13. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

14. Plaintiff's injuries include, but are not limited to, left rotator cuff tear; cervical and lumbar radiculopathy.

## COUNT I
## Violation of FELA

15. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

16. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

17. On or about January 29, 2019, while the plaintiff, an employee of the defendant, was in the performance of his duties as a Carman at the Harmon Car Shop, Croton Harmon, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

   a. in failing to provide plaintiff with a reasonably safe place to work;

   b. in failing to provide plaintiff reasonable working space to perform his job duties in a reasonably safe manner;

   c. in failing to spot the train car in question in a different location to enable working around the hazard presented by the tight space and water;

   d. in failing to clean up the water in plaintiff's work space;

   e. in failing to inspect plaintiff's work space for hazards;

   f. in failing to comply with federal safety regulations relating to workplace hazards implemented by OSHA, as enforced through memorandum of agreement with the FRA for work taking place indoors;

   g. in failing to remedy a water leak situation thereby causing plaintiff to work in an awkward and tight space;

      h.  in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

18.    The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

19.    The plaintiff was damaged thereby in a sum in excess of $100,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; together with the costs and disbursements of this action.

                Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com